UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 20-2254

Vaughn v. Imohoff
(W.D.Pa. 1-17-cv-00546)

No. 20-2897

Vaughan v. Albion SCI
(W.D.Pa. 1-18-cv-00116)

**ORDER**

In accordance with the Court's Order of this date, James S. Ballenger, Esq. is hereby appointed as amicus counsel on behalf of Appellants. The scope of counsel's representation is limited to the following issues specified by the Court and any additional issue identified by Amicus Counsel:

In addition to any other issues the parties wish to raise, the parties should address: (1) whether the Magistrate Judge had authority under 28 U.S.C. § 636(c)(1) to enter judgment in this matter, see Roell v. Withrow, 538 U.S. 580, 583 (2003); Burton v. Schamp, 25 F.4th 198, 210 (3d Cir. 2022); and (2) if not, whether this Court should dismiss this appeal for lack of jurisdiction, see Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (quotation marks omitted)); Burton, 25 F.4th at 205 ("If the requirements of Section 636(c)(1) are not satisfied, the magistrate judge is deprived of jurisdiction over the case and we are statutorily deprived of appellate jurisdiction over the magistrate judge's orders." (quotation marks and alteration omitted)); cf. Siers v. Morrash, 700 F.2d 113, 116 (3d Cir. 1983) (dismissing the appeal for lack of appellate jurisdiction where appellant improperly appealed a magistrate judge's non-dispositive order to this Court instead of the district court), or vacate the Magistrate Judge's order and remand the matter for further proceedings, see Burton, 25 F.4th at 212 (vacating and remanding); see also Coleman v. Labor and Industry Review Comm'n of Wisconsin, 860 F.3d 461 (7th Cir. 2017) ("Our appellate jurisdiction [under

§ 636(c)(3)] is secure. The important question on appeal relates to jurisdiction at the district-court level, where the case was resolved by a magistrate judge who had not received permission from "the parties" (plural) to act.").

The appointment of Amicus Counsel is without compensation. Counsel shall have a period of 60 days to review the record before a new briefing schedule is issued. As counsel has been appointed as Amicus on behalf of Appellants, counsel's brief is not subject to the limitations of Fed. R. App. P. 29(a)(5). Additionally, counsel need not request permission to participate in oral argument. Counsel shall file the entry of appearance form as Amicus Counsel on behalf of Appellants within 14 days of the date of this order.

For the Court,

s/ Patricia S. Dodszuweit
Clerk

Dated: September 6, 2022
NMB/cc: Aaron Vaughn
   Howard G. Hopkirk, Esq.
   Isaac Ray Vaughn, Jr.
   Daniel B. Mullen, Esq.
   James S. Ballenger, Esq.